**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10606 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00305-VRW-1 |
| v. | |
| CHARLES REDDEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Submitted October 19, 2012[**]
San Francisco, California

Before: BEA and WATFORD, Circuit Judges, and SESSIONS, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Charles Redden[1] appeals from a judgment of conviction after a jury found him guilty of three counts of Mailing Threatening Communications, in violation of 18 U.S.C. § 876(c), and one count of Tampering with a Witness, in violation of 18 U.S.C. § 1512(a)(2). We have jurisdiction under 28 U.S.C. §1291 and we affirm.

Redden raises one issue on appeal: whether the district court abused its discretion by admitting at trial a redacted letter that did not form part of the superseding indictment ("the Deputy Tustin letter") over his Rule 403 and Rule 404(b) objections. *See* Fed. R. Evid. 403; 404(b).[2]

"Whoever knowingly . . . deposits [in any post office or authorized depository for mail matter] or causes to be delivered [by the Postal Service] any communication . . . addressed to any other person and containing any threat to . . . injure the person of the addressee or of another," has committed a violation of § 876(c). "Whoever uses . . . the threat of physical force against any person, . . . with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding," has committed a violation of § 1512(a)(2). The evidence was

---

[1]     Redden was pro se during the trial, with advisory counsel from the Federal Public Defender's Office. He is represented by counsel on this appeal.

[2]     As Redden has not briefed any arguments with respect to his conviction on the two counts of mailing threatening communications to Suzanne Hicks (Counts One and Two), he has waived any issues with respect to these counts. *E.g. Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

undisputed that Redden wrote to witness Darcy Garrigan threatening to torture and kill her and her family if she "show[ed] up in the courtroom" for a hearing on his probation officer's petition alleging that Redden violated the terms of his supervised release.

Admission of the Deputy Tustin letter and accompanying testimony, if erroneous, was harmless, because "'it is more probable than not that the error did not materially affect the verdict.'" *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005) (quoting *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc)).

AFFIRMED.